Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Clayton R. Henson (SBN 312,375)
clayton.henson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff/Counter-Defendant
**HOLLY HUNT ENTERPRISES, INC.**

Stephen M Lobbin
sml@smlavvocati.com
Austin J. Richardson
ajr@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Attorneys for Defendants
**JL DESIGN, INC. NEVEN ZEREMSKI AND JENNA GAYE LEE**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOLLY HUNT ENTERPRISES, INC., an Illinois corporation, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> JL DESIGN INC. d/b/a OLIVYA STONE d/b/a WWW.OLIVYASTONE.COM, a California corporation, NEVEN ZEREMSKI, an individual, and JENNA GAYE LEE, an individual, <br><br> Defendants/Counter-Plaintiff. <br><br> AND RELATED COUNTER-CLAIMS | Civil No. CV 18-8218-GW-MRWx <br><br> **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Holly Hunt Enterprises Inc. ("Holly Hunt") and Defendants JL Design Inc. d/b/a Olivya Stone d/b/a www.olivyastone.com ("Olivya Stone"), Neven Zeremski, and Jenna Gaye Lee (collectively, "Defendants") consent and agree to the terms and conditions of this Final Consent Judgment and Permanent Injunction.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331, 1338(a), 1367(a). Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

2. Holly Hunt Enterprises, Inc. is a is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business at 801 West Adams Street, Suite 700, Chicago, Illinois 60607. Holly Hunt has pioneered a variety of innovations in luxury home furnishings, and is a leader in the design and production of custom made products, including indoor and outdoor furniture, lighting, rugs, textiles, and leathers.

3. JL Design Inc. d/b/a Olivya Stone d/b/a www.olivyastone.com is a corporation organized and existing under the laws of the State of California, having its principal place of business at 645 N Harper Avenue, Los Angeles, California 90048. Olivya Stone operates the website www.olivyastone.com through which it offers to sell home furnishings.

4. Neven Zeremski is an individual who resides at 645 N Harper Avenue, Los Angeles, California 90048.

5. Jenna Gaye Lee is an individual who resides at 645 N Harper Avenue, Los Angeles, California 90048.

6. On January 31, 2019, Holly Hunt filed a Second Amended

1 Complaint ("SAC") alleging claims of patent infringement, trade dress
2 infringement, false designation of origin, false advertising, and unfair competition
3 against the Defendants.

4     7. Holly Hunt owns each of U.S. Design Patent Nos. D772,472 ("D472
5 patent"), D779,861 ("D861 patent"), D789,130 ("D130 patent"), D789,713
6 ("D713 patent"), and D805,824 ("D824 patent") (hereinafter collectively referred
7 to as the "Asserted Patents").

8     8. Olivya Stone agrees that each of Asserted Patents is valid and
9 enforceable.

10     9. Olivya Stone agrees that Holly Hunt has trade dress rights in the
11 respective designs of each of its Ring dining table, Split dining table, Peregrine
12 dining table, Capri lounge chair, Flea lounge chair, New Linden lounge chair,
13 Harlow lounge chair, Gazelle coffee table, Laredo coffee table, Ingot coffee table,
14 Spectacles side table, Branche side table, Chloe side table, Highline side table,
15 Portia side table, Little Bittern side table, Wyeth nightstand, One nightstand,
16 Fortis nightstand, Oslo nightstand, Spencer nightstand, Pyrite side table, Plankton
17 side table, Sofie side table, Goblet side table, Bell Pepper side table, Absinthe
18 side table, Eban bench, Harlow bench, Bell Pepper lamp, Ingot lamp, Hadrien
19 chair, Reve chair, Shadow chair, Jett chair, Stilt Coupe chair, Cachalot coffee
20 table, Ru De Seine coffee table, Ru De Seine side table, Ru De Seine console,
21 Lugano coffee table, Maje coffee table, Gunsight dining table, Trice dining table,
22 Etoille dining table, Bronze console, Bronze dining table, Brimstone console,
23 Hastings console, Lusitania console, Wyenth console, Channel Credenza, Oslo
24 credenza, Antidote credenza, Borneo credenza, Lieutenant credenza, Oslo
25 cabinet, Javier credenza, Avila bookcase, Huron bookcase, Lusitania cabinet,
26 Scribe desk, Anvil desk, Convex mirror, Juniper side table, Fish coffee table,
27 Carlyle dining table, Hadrien upholstered bench, Hadrien upholstered sofa, De
28 Stijl credenza, Octagonal coffee table, Falling Water coffee table, Sienna dining

table, Lugano side table, and Rucci screen products, as described in Paragraphs 17-87 of the SAC (hereinafter collectively referred to as the "Asserted Trade Dress").

10. Olivya Stone agrees that each of the Asserted Trade Dress is valid and enforceable.

11. Olivya Stone has sold or offered for sale the Eli Table Lamp depicted in Exhibit A, which is substantially similar to the claim of Holly Hunt's U.S. Design Patent No. D772,472, the Calum Side Table depicted in Exhibit B, which is substantially similar to the claim of Holly Hunt's U.S. Design Patent No. D779,861, the Hisano Lounge Chair depicted in Exhibit C, which is substantially similar to the claim of Holly Hunt's U.S. Design Patent No. D789,130, the Caden Side Table depicted in Exhibit D, which is substantially similar to the claim of Holly Hunt's U.S. Design Patent No. D789,713, and the Henna Lounge Chair depicted in Exhibit E, which is substantially similar to the claim of Holly Hunt's U.S. Design Patent No. D805,824.

12. Olivya Stone agrees that its sale and offer for sale of the Eli Table Lamp infringes Holly Hunt's U.S. Design Patent No. D772,472, the Calum Side Table infringes Holly Hunt's U.S. Design Patent No. D779,861, the Hisano Lounge Chair infringes Holly Hunt's U.S. Design Patent No. D789,130, the Caden Side Table infringes Holly Hunt's U.S. Design Patent No. D789,713, and the Henna Lounge Chair infringes Holly Hunt's U.S. Design Patent No. D805,824.

13. Olivya Stone has marketed, promoted, sold, and offered for sale the Aspa Dining Table, Altair Dining Table, Hyura Lounge Chair, Henna Lounge Chair, Hisa Lounge Chair, Hisano Lounge Chair, Britta Coffee Table, Balbina Coffee Table, Calli Side Table, Calum Side Table, Como Side Table, Cali Side Tables, Calandra Side Table, Cloe Side Table, Cupo Nightstand, Cervis Nightstand, Clement Nightstand, Ciotti Nightstand, Cleet Nightstand, Catori Side

Tables, Cadby Side Table, Canan Side Table, Como Side Tables, Caden Side Table, Cain Side Table, Eban Bench, Hisa Bench, Eli Table Lamp, Kaela Table Lamp, Koster Arm Chair, Koster Chair, Kalabri Chair, Terra Dining Chair, Terra Bar Stool, Himasa Lounge Chair, Haeda Lounge Chair, Bessimo Coffee Table, Brodric Coffee Table, Calida Side Table, Donu Console, Balen Coffee Table, Blasé Coffee Table, Abbast Dining Table, Alpa Dining Table, Anka Dining Table, Atessa Dining Table, Dante Console, Boden Coffee Table, Daphane Console, Dennis Console, Daryn Console, Demi Console, Dune Credenza, Drogo Credenza, Duro Credenza, Dollie Credenza, Dirce Credenza, Dones Credenza, Dasu Credenza, Donna Bookcase, Dagon Bookcase, Danele Wine Cabinet, Dovi Desk, Dordie Desk, Kiba Mirror, Cacia Side Table, Benin Coffee Table, Ara Dining Table, Efrem Bench, Hoshi Lounge Chair, Hoshi Sofa, Dalia Credenza, Bellona Coffee Table, Bianka Coffee Table, Atra Dining Table, Caprice Side Table, and Dalis Screen as depicted in Exhibit F (collectively, "Accused Trade Dress Products").

14. Olivya Stone agrees that its advertising, marketing, promotion, offer for sale, and/or sale of the Accused Trade Dress Products infringes the Asserted Trade Dress, as described in Paragraphs 130-200 of the SAC.

15. Each of the Defendants, and its parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it are permanently restrained and enjoined from:

    a. manufacturing, using, selling, offering to sell, or importing into the United States any products bearing the design of the Eli Table Lamp during the remaining term of the D472 patent;

    b. manufacturing, using, selling, offering to sell, or importing into the United States any products bearing the design of the Calum Side Table during the remaining term of the D861 patent;

      c. manufacturing, using, selling, offering to sell, or importing into the United States any products bearing the design of the Hisano Lounge Chair during the remaining term of the D130 patent;

      d. manufacturing, using, selling, offering to sell, or importing into the United States any products bearing the design of the Caden Side Table during the remaining term of the D713 patent;

      e. manufacturing, using, selling, offering to sell, or importing into the United States any products bearing the design of the Henna Lounge Chair during the remaining term of the D824 patent;

      f. manufacturing, distributing, shipping, importing, displaying, advertising, marketing, promoting, transferring, selling, or offering to sell any products bearing the design of any of the Accused Trade Dress Products;

      g. using or displaying any images of Holly Hunt's, Knoll's, Caste's, Joseph Jeup's, or their affiliate's products;

      h. passing off any products as those of Holly Hunt, Knoll, Caste, Joseph Jeup, or any of their affiliates; and

      i. otherwise unfairly competing with Holly Hunt or its affiliates.

16. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

17. Defendants agree to submit to the personal jurisdiction of this Court in connection with this matter for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

18. This is a final judgment. Any remaining claims set forth in the SAC

filed by Holly Hunt against Olivya Stone, to the extent not otherwise addressed by this Final Consent Judgment and Permanent Injunction, are hereby dismissed.

19. Pursuant to the terms of the parties' Settlement Agreement, all of the parties' other claims, counterclaims, and defenses are dismissed with prejudice.

20. The Court shall exercise continuing jurisdiction to enforce the terms of this Consent Judgment and the parties' Settlement Agreement.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 19, 2020     By:  _____
    Paul A. Stewart
    Ali S. Razai
    Nicole R. Townes
    Clayton R. Henson

Attorneys for Plaintiff/Counter-Defendant
Holly Hunt Enterprises, Inc.

Dated: February 19, 2020     By: _____
    Stephen M Lobbin
    Austin J. Richardson

Attorneys for Defendants
JL Design, Inc. Neven Zeremski and Jenna Gaye Lee

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

Dated: February 18, 2020     By: *[signature: George H. Wu]*
    HON. GEORGE H. WU, U.S. District Judge